UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

SCOTT LORMS,

Plaintiff.

vs. Case No.

T & R PROPERTIES, Hon. ________________

a Michigan corporation, and

ZAHLER MANAGEMENT LLC,

a Michigan Limited Liability Company,

Defendants.

_____________________________/

Francyne Stacey (P33225)
STACEY LAW PRACTICE, PLLC
455 E. Eisenhower Pkwy, Suite 300
Ann Arbor, MI 48108
(734) 821-8088
francyne@staceylawpractice.com

_________________________________/

**PLAINTIFF'S COMPLAINT and JURY DEMAND**

NOW COMES Plaintiff, Scott Lorms, by and through his attorney, Francyne Stacey, Stacey Law Practice, PLLC., and for his Complaint states as follows:

## I. GENERAL ALLEGATIONS

1. Plaintiff, Scott Lorms ("Lorms") is a resident of Oakland county residing at 81 Suzanne Blvd, White Lake, MI 48386.
2. Defendant, T & R PROPERTIES ("T & R") is a Michigan Corporation that maintains an office in Brighton, Livingston County, Michigan and owns rental properties in Washtenaw, Oakland and Livingston counties.
3. Defendant, Zahler Management LLC ("Zahler") is a Michigan limited liability company that manages the properties owned by T & R. Zahler maintains an office in Livingston County, Michigan and provides management services to T&R's properties in Washtenaw, Oakland, and Livingston counties.
4. This cause of action results from Defendants' illegal refusal to rent a property it owns and manages to Lorms. This property is located at 9037 Cedar Lake Rd in Pinckney, Livingston County, Michigan.
5. This cause of action arises under the Fair Housing Amendments Act of 1988 ("FHAA), 42 U.S.C. 3601 et seq.

6. Under the FHAA, 42 U.S.C. 3604(f), it is unlawful to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter.

7. Under the FHAA, 42 U.S.C. 3604(f) it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person.

8. This cause of action also arises under the Michigan Persons With Disabilities Civil Rights Act ("PDCRA), M.C.L.A 37.1101 et seq., which states in relevant part:

> (1) The opportunity to obtain employment, housing, and other real estate and full and equal utilization of public accommodations, public services, and educational facilities without discrimination because of a disability is guaranteed by this act and is a civil right.
>
> (2) Except as otherwise provided in article 2, a person shall accommodate a person with a disability for purposes of employment, public accommodation, public service, education, or housing unless the person demonstrates that the accommodation would impose an undue hardship. 37.1502

9. This Court has jurisdiction of this action pursuant to FHAA, 42 U.S.C. 3613 and as a federal question pursuant to 28 U.S.C. 1331.

10. This Court has supplemental jurisdiction of Plaintiff's PWDCRA claim.

11. Lorms' Complaint is timely filed.

12. Venue is appropriate in this Court because Defendants reside and do business in Livingston, Washtenaw, and Oakland County, Michigan.

## II. FACTUAL ALLEGATIONS13

13. On November 27, 2018, Lorms called Defendants to inquire about renting a T & R owned property located at 9037 Cedar Lake Rd in Pinckney, Washtenaw County, Michigan.

14. The property at 9037 Cedar Lake Rd. was listed as being available to rent when Lorms called T&R.

15. The property listing stated that dogs were not allowed but Lorms inquired because he has a disability resulting in, among other things, him having emotional support dogs to alleviate difficulty in coping with day-to-day situations and to enhance his day-to-day functionality.

16. When informed that Lorms had emotional support dogs, Defendants' representative, agent or employee refused to even show Lorms the apartment or to discuss any type of accommodation for his emotional support animals.

17. Lorms filed a complaint with the Fair Housing Center of Southeast and Mid MI ("The Center").

18. After receiving Lorms' complaint, the Center conducted an investigation which included fair housing testing.

19. During the fair housing tests, T & R and/or Zahler representatives, agents or employees consistently and repeatedly refused to rent the property to anyone with emotional support dogs.

## COUNT 1 – VIOLATION OF THE FHAA

20. Plaintiff incorporates by reference paragraphs 1-19.

21. At all material times, T&R and Zahler were persons covered by and within the meaning of the Fair Housing Act (42 USC 3602(d)).

22. Lorms is an individual with a disability as defined in 42 USC 3602(h).

23. Section 1604(f) of the FHHA prohibits a person covered by the Act from discriminating or otherwise making a rental unavailable to the prospective renter because of a handicap or disability.

24. Discrimination under the FHHA also includes, but is not limited to, a refusing to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford the handicapped or disabled individual equal opportunity to use and enjoy a dwelling.

25. Defendants violated the FHHA when it refused to rent the property to Lorms because of his emotional support dogs and refused to accommodate his emotional support dogs.

26. As a direct and proximate result of the discriminatory actions by Defendants' owners, agents or representatives, Lorms suffered economic and non-economic injuries.

**COUNT II – VIOLATION OF THE PWDCRA**

27. Plaintiff incorporates by reference paragraphs 1-26.

28. Lorms is a person with a disability (M.C.L.A. 37.1103 (h)).

29. Defendants are persons under the PWDCRA (M.C.L.A. 37.1103 (g)).

30. Defendants discriminated against Lorms by refusing to rent an apartment to him and refusing to make a reasonable accommodation for his support animals.

31. As a consequence of Defendants' conduct, Lorms has suffered economic and non-economic damages.

WHEREFORE, for all of the above reasons, Lorms requests the following relief:

1. Entry of a declaratory judgment stating that Defendants' actions against Lorms are discriminatory under the FHHA and the PWDCRA.
2. Preliminarily and permanently enjoin Defendants from further discrimination on the basis of disability.
3. Order Defendants to undergo fair housing training, monitoring and reporting.
4. Award Lorms actual and compensatory damages to compensate him for his economic and non-economic injuries.
5. Grant Lorms an award of punitive and/or exemplary damages because of Defendants intentional, deliberate, overt, willful, and flagrant discrimination against Lorms.
6. Grant Lorms an award of attorney fees, costs, and pre and post-judgment interest incurred in bringing this action.
7. Grant such other relief to Lorms the Court finds just and appropriate under the circumstances. Respectfully submitted,

STACEY LAW PRACTICE

Dated: July 30, 2019 BY: /s/Francyne B. Stacey

Francyne B. Stacey (P33225)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

SCOTT LORMS,

Plaintiff.

vs. Case No.

T & R PROPERTIES, Hon. ________________

a Michigan corporation, and

ZAHLER MANAGEMENT LLC,

a Michigan Limited Liability Company,

Defendants.
_____________________________/

Francyne Stacey (P33225)
STACEY LAW PRACTICE, PLLC
455 E. Eisenhower Pkwy, Suite 300
Ann Arbor, MI 48108
(734) 821-8088
francyne@staceylawpractice.com

_________________________________/

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: July 30, 2019 BY: /s/Francyne B. Stacey________

Francyne B. Stacey (P33225)